UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
UNITED STATES OF AMERICA,    :    CASE NO. 1:06-CR-00161
:
      Plaintiff,    :
:
vs.    :    OPINION & ORDER
:    [Resolving Docs. No. 171, 174, 177.]
ROBERT LEE EVANS,    :
:
      Defendant.    :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendant Robert Lee Evans ("Evans") moves for an order suspending the execution of his sentence and releasing him on bond pending the resolution of his appeal. [Docs. 171, 177.] Plaintiff United States of America ("the Government") opposes the Defendant's motion. [Doc. 174.] For the following reasons, the Court **DENIES** the Defendant's motion.

## I. Background

    On August 17, 2006, a jury found Defendant Evans guilty of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Doc. 102.] On December 18, 2006, the Court sentenced Evans to a prison term of 144 months with credit for time already served in this matter. [Doc. 149.]

    On January 8, 2007, the Defendant filed a notice of appeal to the Sixth Circuit Court of Appeals as to his guilty verdict. [Doc. 153.] On February 6, 2007, the Plaintiff filed a notice of

Case No. 1:06-CR-00161
Gwin, J.

appeal as to the Defendant's sentence. [Doc. 155.]

With the instant motions, the Defendant asks the Court to suspend the execution of his sentence and to grant bond pending appeal pursuant to 18 U.S.C. § 3143. [Docs. 171, 177.] First, Evans says that he intends to raise "many issues of substantial questions of law or fact(s)" in his appeal. [Doc. 171.] He lists "misleading the grand jury," "prosecutor misconduct," "government misconduct," "Brady & Giglio violations," and "improper verdict." *Id.* Second, he states that his release would permit him to continue his active role in his own defense and uncover evidence to present at the next proceeding. *Id.* Third, the Defendant claims that he suffers from "serious medical conditions," and his release would "ensure prompt and appropriate medical treatment." [Docs. 171, 177.] Finally, he says that he should be released because he is "needed to assist [his] family in their financial short comings." [Doc. 171.]

The Plaintiff opposes the motion. [Doc. 174.] It argues that the Court lacks jurisdiction to rule on this matter. *Id.* The Plaintiff states, "Under Appellate Rule 9(b), the defendant could have filed a notice of appeal with this Honorable Court in reference to his detention order subsequent to his judgment of conviction. However, since the notice was not filed timely, the government would assert that it has been waived." *Id.*

## II. Legal Analysis

The Bail Reform Act of 1984, codified at 18 U.S.C. § 3143(b), permits the Court to release a defendant pending appeal if the Court finds:

-2-

Case No. 1:06-CR-00161
Gwin, J.

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). *See also U.S. v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

18 U.S.C. § 3143(b)(2) further provides that a defendant found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C) and who has filed an appeal shall "be detained." The Court convicted Defendant Evans of such an offense under the Controlled Substances Act; the jury found Evans guilty of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Doc. 102.]

However, 18 U.S.C. § 3145(c) establishes an exception to the rule in § 3143(b)(2). The Court may release individuals meeting the conditions for release outlined in § 3143(b)(1) if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

Thus, courts may release individuals in the Defendant's position only if (1) they are satisfied that the defendant does not pose a risk of flight or danger to the public, (2) the defendant presents a substantial question on appeal, and (3) the defendant shows "exceptional reasons" why detention is inappropriate. *See* § 3143(b)(1); § 3143(b)(2); § 3145(c). "Detention is mandatory . . . unless all of the conditions of 18 U.S.C. § 3145(c) are met." *U.S. v. Rodriguez,* 50 F.Supp. 2d 717, 719 (N.D.

Case No. 1:06-CR-00161
Gwin, J.

Ohio 1999).

The Bail Reform Act creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir. 1988).

### III. Discussion

The Court finds that the Defendant fails to show by clear and convincing evidence that he does not pose a risk of flight or danger to the public, fails to raise a substantial question on appeal, and fails to show "exceptional reasons" why detention is inappropriate pending his appeal.

**A. Risk of Flight or Danger to the Public**

The Court finds that Evans fails to meet his burden of showing by clear and convincing evidence that he "is not likely to flee or pose a danger" to the public if released on bond. 18 U.S.C. § 3143(b)(1)(A); *Vance*, 851 F.2d at 169 (placing the burden on the Defendant to show that he is not a danger to the community). While the Court acknowledges and commends the Defendant for his rehabilitation efforts, *see* [Doc. 148.], the Court cannot ignore the Defendant's history of criminal activity. *See* Presentence Investigation Report, December 14, 2006. Evans's prior convictions, particularly those involving drug law violations, sexual battery, and carrying a concealed weapon, indicate that Evans may be a danger to the public. *See id.* After serving significant prison terms for these and other crimes, the Defendant's subsequent inability to conform his conduct to the law also suggests that he may be a danger to the public. Recall, at trial, Evans admitted selling cocaine and defended, and lost, on an entrapment defense. *See id.* At the time Evans committed the instant

Case No. 1:06-CR-00161
Gwin, J.

crime, he had been out of prison less than two years (following a fifteen year period of incarceration) and was still under the provision of the Adult Parole Authority. *See id.* Thus, while Evans proposes restrictive release conditions in an attempt to ease the Court's concerns, the Court is unable to find by clear and convincing evidence that Evans is unlikely to pose a danger to the public if released on bond.

**B. Substantial Question on Appeal**

In its second inquiry, the Court finds that the Defendant fails to "raise[] a substantial question of law or fact likely to result" in reversal, an order for a new trial, or an applicable sentence reduction. 18 U.S.C. § 3143(b)(1)(B).

The defendant must demonstrate that his appeal "presents a close question or one that could go either way," the resolution of which "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *E.g.*, *United States v. Pollard*, 778 F. 2d 1177, 1182 (6th Cir. 1985) (internal quotations omitted) (quoting *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc).

With the instant motion, the Defendant states, "Mr. Evans will raise many issues of substantial questions of law or fact(s) for new trial on his appeal brief." [Doc. 171.] He then lists the following issues: "misleading the grand jury," "prosecutor"/"government misconduct", "Brady & Giglio violations," and "improper verdict." *See id.* He does not argue how these issues manifest themselves in his case. *See id.*

As to his allegation that the Government misled the grand jury, the Court finds that

Case No. 1:06-CR-00161
Gwin, J.

Defendant Evans fails to present a question that meets the *Pollard* standard.  First, Defendant Evans presents no specific argument as to how the Plaintiff misled the grand jury in his case.  Second and more importantly, the Court finds that the jury's ultimate determination of the two counts cures this potential defect.  The Grand Jury serves a limited function. *United States v. Suarez*, 263 F.3d 468, 481 (6th Cir. 2001) ("The defendant's main protection against the bringing of unfounded criminal charges, however, is through the institution of the grand jury.")  Here, the grand jury charged Evans with two counts: one for the distribution of cocaine base (crack) and one for the distribution of cocaine.  [Doc. 21.]  Then, as is proper under the federal criminal justice system, the jury, in its proceedings independent of those of the grand jury, ultimately decided whether in fact Evans violated the law as alleged in the two counts.  Because the jury ultimately decided the Defendant's guilt or innocence with regard to each count, the Court is unable to find that any allegations of the prosecutor misleading the grand jury are likely to result in reversal, an order for a new trial, or a reduced sentence.

Defendant Evans also says he plans to raise the issues of "improper verdict" and "prosecutor"/"government misconduct" on appeal. [Doc. 171.] Because Defendant Evans provides no additional argument, the Court assumes that he raises the same arguments that the Court addressed in its December 11, 2006 Order denying his motions for acquittal and a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.  *See* [Doc. 142.].  The Court reviews its analysis of these arguments and ultimately finds that the Defendant raises no substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence.

In its Order, the Court first addressed the Defendant's Rule 29 argument for acquittal based

Case No. 1:06-CR-00161
Gwin, J.

on his claim that the Government failed to provide sufficient "substantial and competent evidence" for the jury to find him guilty of distributing cocaine on March 4, 2006. [Doc. 142.] The Court first found that Evans's admission that he sold cocaine to the informant on March 4, 2006, along with the other evidence introduced at trial, provided sufficient evidence to support a jury finding that he sold cocaine on that day. *Id.* The Court next summarized the Government's evidence as to Evans's predisposition to distribute drugs and ultimately found that the Government presented sufficient evidence to support a jury finding that Evans was not entrapped. *Id.* In conclusion, the Court held that "substantial evidence presented by the Government justifies the jury's finding of Evans's guilt beyond a reasonable doubt" and accordingly denied his Rule 29 motion. *Id.* The Court finds no substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence in Evans's Rule 29 argument.

Second, the Court addressed the Defendant's similar Rule 33 argument that the jury verdict was invalid because it was "against the manifest weight of the evidence." [Doc. 142.] Here, again, the Court considered the evidence and found that while "the evidence introduced at trial does not compel a guilty verdict, . . . the Court finds that both sides introduced a sufficient amount of direct and indirect evidence for a reasonable jury to find Evans' guilt with regard to the March 4, 2006 drug sale." *Id.* Again, the Court finds that the Defendant's argument here raises no substantial question on appeal.

In its Order, the Court next addressed the Defendant's Rule 33 argument that he deserved a new trial because of newly discovered evidence in the form of telephone records. While Evans has not informed the Court that he will raise this issue on appeal, the Court notes that it finds no

-7-

Case No. 1:06-CR-00161
Gwin, J.

substantial question for appeal with regard to this argument either.

The Court then addressed the Defendant's Rule 33 argument that alleges a prejudicial error of law rendering the jury verdict invalid, namely the admission of testimony that Evans had engaged in more drug transactions than those charged by the government. [Doc. 142.] As background, in a proffer statement before trial, Evans had admitted to four, not two, sales of drugs to the informant. *Id.* The Court indicated to the parties that it would likely permit the Government to use the proffer statement for impeachment purposes if Evans testified differently at trial. *Id.* However, at trial, Evans ultimately admitted that he sold cocaine on those other occasions. *Id.* Thus, the Court found that "contrary to Evans's claim in his Rule 33 motion, the Government did not 'directly use' Evans's proffer statement; instead, Evans openly admitted that he sold cocaine to Bray on more than two occasions." *Id.* The Court found the Government's questions in this context appropriate because they were "relevant to the question of inducement and to establish Evans's predisposition." *Id.* Again, the Court finds that the Defendant's argument here does not present a substantial question of law or fact for appeal.

Fourth, the Court considered the Defendant's allegation of prosecutorial misconduct. [Doc. 142.] The Court found that the Government did not commit prosecutorial misconduct to warrant a new trial through its line of questioning regarding the Defendant's prior convictions for impeachment purposes nor through its use of leading questions during its direct examinations. *Id*. The Court found that both allegations did not rise to the level of "flagrancy" required to order a new trial based on prosecutorial misconduct. *See United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999). The Court again finds no substantial question here for appeal.

Case No. 1:06-CR-00161
Gwin, J.

Finally, the Defendant says that he plans to raise the issue of "Brady & Giglio violations" on appeal. [Doc. 171.] Again, the Defendant presents no additional argument on this point. *See id.* The Court finds three discovery-related entries on the docket. First, the Defendant presented a discovery request to the Plaintiff on April 14, 2006. [Doc. 13.] Defendant Evans then filed a motion to compel discovery on May 1, 2006. [Doc. 16.] The United States later responded to the motion on May 30, 2006. [Doc. 30.] In its response, the Government indicated that it was forwarding additional material to the Defendant and that the parties would be meeting to give the Defendant an opportunity to inspect the Plaintiff's evidence prior to trial. *Id.* The Court did not receive any further discovery-related motions from the Defendant. Without more from the Defendant, the Court does not find that the Defendant's vague "Brady and Giglio violation" allegation raises substantial questions of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence.

Thus, the Court finds that the arguments that the Defendant presents with his motions do not present substantial questions of law or fact for appeal.

**C. Exceptional Reasons Why Detention is Inappropriate**

The Court also finds that the Defendant fails to show "exceptional reasons" why detention would be inappropriate pending appeal. 18 U.S.C. § 3145(c).

In *United States v. Rodriguez,* 50 F.Supp. 2d 717 (N.D. Ohio 1999), another district court in the Northern District of Ohio addressed a similar request. That court concluded that the defendant's medical condition and family financial hardship did not constitute exceptional reasons because they were not uncommon or rare factors that would distinguish the defendant from others

Case No. 1:06-CR-00161
Gwin, J.

incarcerated. *Id.* at 721.

Here, the Defendant argues that his "serious medical conditions" and his family's need for his financial assistance constitute "exceptional reasons" warranting his release pending appeal.[1] [Docs. 171, 177.] The Defendant presents the correspondence between himself and the Federal Bureau of Prisons regarding his medical conditions and his attempts to receive the treatment that he feels he needs. [Doc. 177-3.] The Court recalls that the Defendant has brought his medical conditions, specifically that he is in remission from cancer, to the Court's attention in the past. *See e.g.*, [Docs. 63, 152.]. The Court granted the Defendant's previous transfer request and recommended that he be transferred to the federal correction institution (FCI) in Lexington, Kentucky (medical facility). [Doc. 154.] The Federal Bureau of Prisons believes that his "transfer to a medical facility is not clinically indicated or warranted at this time." [Doc. 177-3, "Administrative Remedy Regional Appeal, Part B-Response."] In denying Evans's administrative appeal, the Bureau of Prisons found: "You have been evaluated by the physician here and have been seen by the oncologist. The oncologist finds no evidence of recurrence of the disease [cancer] at this time. He is recommending follow-ups every 6 - 9 months."

The Defendant appealed this decision in his August 17, 2007 letter to the General Counsel of the Federal Bureau of Prisons. [Doc. 177-3.] Based upon the evidence before it, the Court finds "no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities." *See Rodriguez*, 50 F.Supp.2d at 722.

---

[1] The Defendant also suggests that he should be released to assist in his appeal. Because most defendants would like to assist in their appeals, especially if that means release pending appeal, the Court does not find this to be an "exceptional reason" warranting release.

Case No. 1:06-CR-00161
Gwin, J.

With regard to the Defendant's financial hardship argument, the Court agrees with the *Rodriguez* court: "unfortunately, family hardship is not an unordinary consequence of incarceration," and therefore is not an exceptional reason warranting release. *Id.* Without more, the Court agrees with the *Rodriguez* court's analysis and finds that the Defendant fails to show "exceptional reasons" warranting his release pending appeal.

## IV. Conclusion

For the above reasons, the Court **DENIES** the Defendant's motion for an order suspending the execution of his sentence and releasing him on bond pending the resolution of his appeal.

IT IS SO ORDERED.


Dated: November 9, 2007            s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE